# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10850
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEDRIC D. BURNS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-39-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Cedric D. Burns appeals the sentence imposed following his guilty plea to robbing a credit union in violation of 18 U.S.C. § 2113(a) and § 2. He argues that the district court erred in applying a four-level enhancement for abduction under the Sentencing Guidelines. *See* U.S.S.G. § 2B3.1(b)(4)(A). Although Burns concedes that credit union employees were moved from the teller area to the vault, he argues that this does not qualify as an abduction under the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10850

Guidelines because the employees were not moved from the building, no force was used, the employees were not used as hostages or to facilitate an escape, and they were not bound after the robbery.

For robbery offenses, the Sentencing Guidelines provide for a four-level enhancement "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape." § 2B3.1(b)(4)(A). The district court did not err in imposing the abduction enhancement. The record shows that Burns used a replica handgun to direct the employees, who feared for their safety, to the vault and to a cash recycling machine to access the money that was the target of the robbery. We have routinely held that robbery victims are abducted for purposes of § 2B3.1(b)(4)(A), even when they never leave the building, so long as the victims are forced, as here, to move from one area of the building to another to aid in the commission of the offense. *See United States v. Smith*, 822 F.3d 755, 764 (5th Cir. 2016); *see also United States v. Hefferon*, 314 F.3d 211, 224-27 (5th Cir. 2002).

AFFIRMED.